ASAMBLEA MUNICIPAL DE TRUJILLO ALTO, querellante y apelada, *v.* LUIS CRUZ HERNÁNDEZ, querellado y apelante.

Núm. 12.—*Sometido:* Junio 20, 1944. *Resuelto:* Julio 24, 1944.

*Samuel R. Quiñones* y *F. Vizcarrondo Vázquez,* abogados del apelante; *Cayetano Coll y Cuchí, L. Archilla Laugier* y *Cayetano Coll Pujol,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 15 de abril de 1944 José Rodríguez dirigió una comunicación a la Asamblea Municipal de Trujillo Alto imputando al alcalde actos delictivos. Convocada la asamblea a sesión extraordinaria para considerar la referida comunicación, se reunió el 1 de mayo de 1944 y aprobó una resolución por la cual hizo suyos los cargos imputados al alcalde, suspendiéndolo de empleo y sueldo. Se acordó continuar la sesión el día 8 de mayo, en cuya fecha se sustanciarían los cargos. El 8 de mayo comparecieron los asesores de la asamblea y el alcalde y sus abogados, acordándose posponer la sesión para el 12 de mayo. Al contestar el alcalde, formuló excepciones previas de insuficiencia de hechos, a la vez que negó todos los cargos imputados.

Durante la vista, se presentó prueba en apoyo de dos de los cargos formulados, pero la asamblea sólo consideró la relacionada con uno de ellos, y al declararlo probado destituyó

al alcalde. El cargo que estimó probado la asamblea es el siguiente:

"El Alcalde de Trujillo Alto, P. R., Sr. Luis Cruz Hernández, allá a mediados del año 1942, poco más o menos, conspiró y se confabuló con la Sra. Isabel Díaz de Díaz, simulándose un traspaso del automóvil privado de dicha Isabel Díaz de Díaz a favor del Municipio de Trujillo Alto, sin que hubiera autorización ni negociación autorizada ante el Municipio de Trujillo Alto con la Sra. Isabel Díaz de Díaz, el cual simulado traspaso del referido automóvil al Municipio de Trujillo Alto, se hizo para conseguir raciones de gasolina y neumáticos para dicho automóvil, violándose reglas y reglamentos vigentes del Gobierno Federal, que regulan el racionamiento de gasolina y neumáticos, obteniendo de esta manera Isabel Díaz de Díaz para dicho automóvil, que continúa en el uso privado de ella y su familia, las raciones de gasolina que le hubieran correspondido a dicho carro si realmente fuera de la propiedad del Municipio de Trujillo Alto. En toda esta maniobra para violar reglas y reglamentos del Gobierno Federal, en cuanto al racionamiento de gasolina y neumáticos para el referido automóvil y en beneficio de Isabel Díaz de Díaz y su familia, que continúan utilizando dicho automóvil como un vehículo privado de Isabel Díaz de Díaz y su familia, el Sr. Luis Cruz Hernández continúa confabulando y conspirando con Isabel Díaz de Díaz."

Recurrió el alcalde para ante este tribunal, alegando (1) que la asamblea actuó sin jurisdicción, (2) que la resolución recurrida no está sostenida por la evidencia y es contraria a la ley, y (3) que la asamblea actuó movida por pasión, prejuicio y parcialidad.

■■ Fundamentando el primer error, alega que nunca fué notificado adecuadamente de los cargos, que no hubo convocatoria para su sustanciación y que, a pesar de haber surgido de un ciudadano particular, los cargos no fueron jurados.

Al comparecer el querellado a la sesión de la asamblea para excepcionar y contestar la querella, y al presentar prueba en su defensa, subsanó cualquier defecto que pudiera haber existido en la citación. Si la asamblea fué convocada para una sesión extraordinaria que había de celebrarse el 1 de mayo para considerar los cargos, y en esa fecha luego de hacer suyos los cargos, suspende la sesión y se acuerda pos-

ponerla para el día 8 siguiente, y ese día vuelve a posponerse a solicitud de las partes para el 12, era innecesaria una nueva convocatoria para que la asamblea pudiese legalmente reunirse en la fecha últimamente mencionada. No era necesario que los cargos adoptados por la asamblea fuesen jurados por José Rodríguez, Artículo 29, Ley Municipal.

■ Para sostener que la resolución recurrida fué contraria a derecho y a pruebas, el querellado alega que la resolución fué aprobada en sesión privada, contrario a lo prescrito en la Ley Municipal, y que no hubo evidencia para sostener las conclusiones de hecho que le sirvieron de base.

Un examen de los autos revela que la sesión de la asamblea durante la cual se ventiló toda la prueba fué pública, y que la sesión privada que se celebró tuvo por único objeto considerar la prueba presentada y aprobar la resolución de destitución. Al así actuar no incurrió en error la asamblea. Al reunirse en sesión privada para deliberar sobre la prueba presentada y dictar la resolución correspondiente, la asamblea actúa como lo hace un jurado cuando se retira a deliberar para formular su veredicto. Si bien pudo legalmente resolver el caso en presencia del público, creemos que la forma en que actuó es la más adecuada y está más en armonía con la práctica judicial.

■ No tenemos duda de que la evidencia presentada sostiene la resolución recurrida. La tesorera-directora escolar simuladamente donó un automóvil al municipio, confabulándose con el alcalde, quien nunca dió cuenta de la donación a la asamblea. El municipio pagaba la gasolina que usaba el automóvil, a pesar de no existir en presupuesto una partida para esa atención, por lo cual se recurría a la de imprevistos. Sin embargo, las gomas y las reparaciones las pagaba la tesorera de su propio peculio, y el automóvil era guardado en el garaje de ella. En una transacción privada que celebró la tesorera sin el consentimiento de la asamblea, dió el automóvil y cien dólares a cambio de otro automóvil. La junta de racionamiento suspendió por dos semanas la cuota

de gasolina asignada para el automóvil por haberlo usado la tesorera en actividades políticas. Por último, admitió el alcalde que en ninguna ocasión enteró a la asamblea de las supuestas donaciones al municipio alegadas por la tesorera.

La imputación que a la asamblea hace el querellante al efecto de que actuó movida por pasión, prejuicio y parcialidad, está predicada en que los asesores de la asamblea se convirtieron en partes adversas al querellado; en que la asamblea no consideró los otros cargos formulados, y en qué al declarar probado el primer cargo, tuvo en cuenta ciertos hechos que no formaban parte del mismo. Ninguno de estos fundamentos, de existir, justificaría la conclusión de que la asamblea actuó movida por pasión, prejuicio y parcialidad.

*Procede por lo expuesto confirmar la resolución recurrida.*